**FILED**
CLERK, U.S. DISTRICT COURT

June 21, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: _Karla Tunis_ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATION TECHNOLOGY, INC., | CASE NO: SACV 14-999 JVS |
| Plaintiff, | (DFMx) |
| v. | |
| | JURY INSTRUCTIONS |
| CYME INTERNATIONAL T & D INC., | |
| Defendant. | |

DATED: June 21, 2016

_____

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

F                                                    1

COURT'S INSTRUCTION NO. 1

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. These final instructions, together with the instructions I read to you before opening statements, are the complete set of jury instructions.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

F                                      2

COURT'S INSTRUCTION NO. 2

The parties are:

Plaintiff Operation Technology, Inc., often referred to as ETAP; and

Defendant CYME International T & D Inc., often referred to as CYME.

F

3

COURT'S INSTRUCTION NO. 3

When the party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

F                                                              4

COURT'S INSTRUCTION NO. 4

The evidence you are to consider in deciding what the facts are consists of:

1.     The sworn testimony of any witness; and

2.     The exhibits which are received into evidence; and

3.     Any facts to which the lawyers have agreed; and

4.     Any facts that I instruct you to accept as proved.

F                                                5

COURT'S INSTRUCTION NO. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, will say in their closing arguments, and at other times is intended to help interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in

F                                        6

1   session is not evidence. You are to decide the case solely on the evidence received

2   at trial.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   F

COURT'S INSTRUCTION NO. 6

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

F

8

COURT'S INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

F                                                        9

COURT'S INSTRUCTION NO. 8

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The following witnesses appeared by deposition:

Mr. Hossain, whose deposition was taken on January 25, 2016.

Mr. Dourian, whose deposition was taken on December 15 & 16, 2015.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

F                                              10

COURT'S INSTRUCTION NO. 9

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

F

11

COURT'S INSTRUCTION NO. 10


Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

F

12

## COURT'S INSTRUCTION NO. 11

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying information that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

F

13

1

COURT'S INSTRUCTION NO. 12

2

3    Some witnesses, because of education or experience, are permitted to state

4    opinions and the reasons for those opinions.

5

6    Opinion testimony should be judged just like any other testimony. You may

7    accept it or reject it, and give it as much weight as you think it deserves,

8    considering the witness's education and experience, the reasons given for the

9    opinion, and all the other evidence in the case.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    F                                    14

COURT'S INSTRUCTION NO. 13

There are rules of evidence that control what can be received into evidence.

When a lawyer ask a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

F                                          15

COURT'S INSTRUCTION NO. 14

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of facts does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

F                                        16

(7)    any other factors that bear believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

F                                         17

COURT'S INSTRUCTION NO. 15

The Court has taken judicial notice of the following facts:

Persons and corporations in Turkey, if named as defendants in lawsuits in the United States, may be served with a summons and complaint, or subpoena, in that lawsuit through the Hague Service Convention. Turkey restricts the manner of such service by prohibiting service via mail and by allowing the defendant to refuse service if the papers have not been translated into Turkish. The law permits foreign parties to agree in a contract to be used in the U.S. without following the procedures of the Hague Service Convention.   If a U.S. plaintiff follows the procedures of the Hague Service Convention, the Turkey-based defendant cannot refuse service.

You must accept these facts as true.

F                                                            18

COURT'S INSTRUCTION NO. 16

The parties stipulate to following facts:

The parties know of no person named "Aslani" who has any relevance to this lawsuit other than Mr. Amir Aslani of International Power Electric Technology Company ("IPETCO").

Recipients of the email sent from Umberto Evangelista on March 14, 2014 to Bechtel (Ex. 26) are located in the United States.

You should take these facts as having been proven.

F

19

COURT'S INSTRUCTION NO. 17


You have heard evidence about marketing practices in which CYME and Amir Aslani engaged beginning in 2012.  I previously referred to these as the "Outside-the-Complaint Practices."  While ETAP alleges that the Outside-the-Complaint Practices were improper, they are separate from the false advertising that is charged in this case.  Among other things, these practices did not involve emails from a false industry group and did not utilize phony engineering schematics.

F                                            20

COURT'S INSTRUCTION NO. 18


You have heard and seen statements by ETAP employees about the conduct that is alleged in this case.  These statements, for example, come in the form of letters that ETAP sent to CYME, and in the form of signed declarations by ETAP's CEO, about who ETAP believed was responsible for the conduct in this case. A party may not rely upon its own out-of-court statements as evidence for their truth.

F                                                21

COURT'S INSTRUCTION NO. 19


    You have heard evidence that ETAP's lawsuit originally named Amir Aslani and International Power Electric Technology Co. ("I-PETCO"), but ETAP did not serve these parties.  ETAP and CYME stipulated to the dismissal of Aslani and I-PETCO.


        The fact that ETAP is not proceeding against Aslani and I-PETCO has no bearing on ETAP's claims against CYME.  You should consider ETAP's claims against CYME on their own merits.

F

22

COURT'S INSTRUCTION NO. 20

ETAP's complaint against CYME alleges one cause of action under the Lanham Act, a federal statute that addresses false advertising, among other things. The false advertising laws balance three often-conflicting goals: 1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; 2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and 3) protecting the public interest in fair competition in the market.

The balance of these policy objectives vary from case to case, because they may often conflict. Accordingly, each case must be decided by examining its specific facts and circumstances, which you are to judge.

In my instructions, I will identify types of facts you are to consider in deciding if defendant CYME is liable to plaintiff ETAP for violating the false advertising laws.

F                                      23

COURT'S INSTRUCTION NO. 21

ETAP, the plaintiff in this action, sued CYME, the defendant, for false advertising concerning statements made about ETAP's software. ETAP must establish the following elements by a preponderance of the evidence:

(1)     a false statement of fact by CYME about ETAP's product;

(2)     the statement actually deceived or has the tendency to deceive a substantial segment of its audience;

(3)     the deception is material, in that it is likely to influence the purchasing decision;

(4)     CYME caused its false statement to enter interstate or foreign commerce; and

(5)     ETAP has been or is likely to be injured as a result of the false statement, either by direct diversion of sales or by a lessening of the goodwill associated with its products.

F                                    24

COURT'S INSTRUCTION NO. 22


Trial Exhibit No. 200 lists most of the statements that are accused of being false advertisements. The Court has already ruled that these statements in that exhibit are literally false. Therefore, you should accept that the falsity element of the claim of false advertising has already been proven for these statements. This prior ruling of the Court is limited to only this falsity element.

F                                                     25

COURT'S INSTRUCTION NO. 23

The law presumes that literally false statements about a product are likely to deceive a potential consumer of the product and are likely to influence the potential consumer's purchasing decision. But these presumptions can be overcome by sufficient evidence to the contrary.

Therefore, unless CYME comes forward with evidence to overcome the presumption, for the statements about ETAP's software that already have been ruled to be literally false (all statements in Trial Ex. 200), you should accept that ETAP has met its burden of proving the second and third elements of false advertising (deception and materiality).

Of course, this presumption does not come into play unless you find that CYME caused the false statements to be made in the first place.

F

COURT'S INSTRUCTION NO. 24

ETAP claims that CYME was directly responsible for the distribution of the materials at issue in this litigation. ETAP also claims that CYME is responsible for the acts of Amir Aslani, and that Aslani distributed those materials. CYME denies that it was directly responsible for the distribution of the materials. CYME further denies that it is responsible for any alleged actions by Aslani.

If you find that:

1.    Aslani was responsible for distributing the materials, and

2.    Aslani was the agent of CYME, and

3.    Aslani was acting:

    a.    within the scope of authority from CYME when he distributed the materials, or

    b.    outside the scope of authority from CYME when he distributed the materials but CYME ratified his actions, or

    c.    outside the scope of authority from CYME when he distributed

F                                          27

the materials but CYME was negligent in supervising/controlling him, then those actions of Aslani were the actions of CYME.

F

28

COURT'S INSTRUCTION NO. 25

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal.

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

F                                          29

COURT'S INSTRUCTION NO. 26

An agency relationship arises only when the elements that I have given you are present. It should not impact your determination whether a relationship is characterized as agency in statements made by one party, in an agreement between parties, or in the context of industry or popular usage.  You should make your determination on the basis of the parties' substantive relationship and not merely on labels.

F

30

COURT'S INSTRUCTION NO. 27


An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal. Conduct is not outside the scope of agency merely because an agent disregards the principal's instructions.

F

31

COURT'S INSTRUCTION NO. 28


A principal gives an agent actual authority to perform acts that are necessary or incidental to what the principal expresses, and the agent reasonably understands, to be the principal's wish that the agent act on the principal's behalf.

F

COURT'S INSTRUCTION NO. 29


A principal who conducts an activity through an agent is subject to liability for harm to a third party caused by the agent's conduct if the harm was caused by the principal's negligence in selecting, training, retaining, supervising, or otherwise controlling the agent.

F                                                    33

COURT'S INSTRUCTION NO. 30

A purported principal who ratifies the acts of someone who was purporting to act as the principal's agent will be liable for the acts of that purported agent, provided that the principal made a conscious and affirmative decision to approve the relevant acts of the purported agent while in possession of full and complete knowledge of all relevant events.

The principal's approval may be shown by the principal's explicit approval or through conduct that justifies a reasonable assumption by the agent that the principal approves.

F                                    34

COURT'S INSTRUCTION NO. 31

If you find that CYME intentionally induced Aslani to engage in false advertising against ETAP, or that CYME continued to supply its software or services to Aslani whom it knew or had reason to know was engaged in such false advertising, then CYME is contributorily responsible for any harm done as a result of the false advertising. This is true whether or not you find that Aslani was acting as CYME's agent.

F                                   35

COURT'S INSTRUCTION NO. 32


    If you find that CYME knowingly participated in developing and/or disseminating the false advertising with Aslani, then CYME is responsible for any harm done as a result of the false advertising. This is true whether or not you find that Aslani was acting as CYME's agent.

F                                    36

COURT'S INSTRUCTION NO. 33

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiff ETAP on ETAP's false advertising claim, you must determine ETAP's damages. ETAP has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by CYME.

In considering the types of damages for false advertising, you should consider the following:

1.      The injury to ETAP's reputation;

2.      The injury to ETAP's goodwill, including injury to ETAP's general business reputation;

3.      The past lost profits that ETAP would have earned but for the false statements;

F                                          37

4.      The expense of preventing customers or potential customers from being deceived; and

5.      The cost of corrective advertising reasonably required to correct any public confusion caused by the false statements.

If you award past lost profits, you may not include that amount in any other element of damages.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture. On the other hand, the law does not require that the plaintiff prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

F

38

COURT'S INSTRUCTION NO. 34

Plaintiff ETAP has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

If you decide that CYME is liable, ETAP is not entitled to recover damages for any harm that CYME proves that ETAP could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of ETAP's efforts in light of the circumstances facing it at the time. If ETAP made reasonable efforts to avoid harm, then your award should include reasonable amounts that it spent for this purpose.

CYME has the burden of proving by a preponderance of the evidence:

1.    That ETAP failed to use reasonable efforts to mitigate damages; and

2.    The amount by which damages would have been mitigated.

F                                          39

COURT'S INSTRUCTION NO. 35

ETAP's lost profits in this case are the profits that ETAP would have made on sales of its software and maintenance fees that it lost as a result of the false advertising.

To decide the amount of damages for lost profits, you must determine the gross revenue ETAP would have received but for CYME's conduct and then subtract from that amount the associated expenses. The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

F                                            40

COURT'S INSTRUCTION NO. 36


You must not include in your award any damages to punish or make an example of CYME. Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate ETAP for its loss, if it established any loss.

F                                                    41

COURT'S INSTRUCTION NO. 37

If you find that CYME engaged in false advertising, you must also determine whether ETAP has proven that CYME acted willfully. CYME acted willfully if it knew that the advertising was false or acted with indifference to whether the advertising was false.

F

42

COURT'S INSTRUCTION NO. 38

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will discuss the case with your fellow jurors to reach agreement if you can do so. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

F                                                43

COURT'S INSTRUCTION NO. 39

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

F

44

COURT'S INSTRUCTION NO. 40

Because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.

But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or

F                                          45

media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

F

46

COURT'S INSTRUCTION NO. 41

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.

No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

F

47

COURT'S INSTRUCTION NO. 42

A verdict form has been prepared for you.

The verdict form includes questions called "special interrogatories." You must follow the instructions on the verdict form in answering the special interrogatories.

After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

F                                            48